```
1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8                   FOR THE EASTERN DISTRICT OF CALIFORNIA
9
                                     )
10                                   )
                                     )
11   RICK J. MEJIA,                  )
                                     )     2:02-cv-1174-GEB-EFB
12                  Plaintiff,       )
                                     )
13        v.                         )     ORDER*
                                     )
14   CITY OF SACRAMENTO, et al.,     )
                                     )
15                  Defendants.      )
                                     )
16
```

Pending are two motions for summary judgment on Plaintiff's state law claims. One motion was filed December 11, 2003, and the other December 12, 2003. The portion of each motion that sought summary judgment on Plaintiff's federal claims was granted and Plaintiff's state law claims were dismissed under 28 U.S.C. §1367(c)(3). On appeal, the Ninth Circuit affirmed the Court's decision on all federal claims except Plaintiff's federal knock-and-announce claims, which have been remanded along with the question whether supplemental jurisdiction should be exercised over Plaintiff's state claims. Since the district court has decided to exercise

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1 supplemental jurisdiction over Plaintiff's state claims, this decision
2 on the motions issues.
3      The Ninth Circuit's remand decision in Mejia v. City of
4 Sacramento, 2006 WL 1050115 (Apr. 19, 2006) ("Mejia") concerns some of
5 the state claims involved with the motions sub judice.  In Mejia, the
6 Ninth Circuit found Defendants had probable cause to believe Albert
7 Marty, an individual for whom the law enforcement officer defendants
8 possessed an arrest warrant, resided at Plaintiff's residence and that
9 Defendants could enter the residence to search for Marty.  Id. at *1.
10 In addition, the Ninth Circuit determined Defendants did not use
11 excessive force when subduing and handcuffing Plaintiff after they
12 entered the residence, and that it was objectively reasonable for
13 Plaintiff to have been detained while the search for Marty was
14 conducted.  Id. at *2.

                              BACKGROUND

16      Plaintiff alleges that several Sacramento City police
17 officers and Sacramento County probation officers committed California
18 state torts against him when they unlawfully entered his home to
19 execute the arrest warrant for Marty.  (Second Am. Compl.("Compl.") ¶¶
20 18-24.)  One of the officers knocked on Plaintiff's door on June 5,
21 2001, at about 4:30 p.m., for the purpose of executing the arrest
22 warrant for Marty.  (Pl.'s Resp. to City Def. Statement of Undisputed
23 Facts ("RCitySUF") ¶¶ 1, 9.)  As Plaintiff began to turn the door
24 handle, the door was forced open by Officer Hinz.  (Pl.'s Resp. to
25 County Def. Statement of Undisputed Facts ("RCountySUF") ¶ 19.)  At
26 issue is whether the officers announced their identity prior to entry
27 and whether Plaintiff was provided sufficient time to open the door.
28 Mejia, 2006 WL 1050115, at *1.  A shotgun and two pistols were pointed

at his head as the officers entered Plaintiff's house. (RCountySUF ¶ 21.) Further, officers yelled questions at Plaintiff, forced him to the ground, and handcuffed his hands behind his back. (Id. ¶ 24.) After it was determined that Plaintiff was alone in the residence, Plaintiff was allowed to get up and the handcuffs were removed. (RCitySUF ¶ 13, RCountySUF ¶ 28.)

## DISCUSSION

### I. City Defendants' Motion for Summary Judgment[1]

#### A. Assault and Battery/Excessive Force

Defendants City of Sacramento, Arturo Venegas, Susan Feenstra, P. Varozza, J. Oliver, K. Pendleton, and L. Hinz ("City Defendants") seek summary judgment on Plaintiff's assault and battery claims arguing the force used in detaining Plaintiff was reasonable. (City Defs.' Mot. for Summ. J. ("City Defs.' Mot.") at 25.) Plaintiff counters that the force used was unreasonable. (Pl.'s Opp'n at 25.) In addition, City Defendants seek summary judgment on Plaintiff's excessive force claims, arguing no such tort exists and these claims are subsumed in Plaintiff's assault and battery claims. (City Defs.' Mot. at 27.) Plaintiff fails to counter this argument.

Plaintiff alleges in his "Excessive Force" claims that "[w]hen defendant officers unlawfully entered [P]laintiff's home and illegally detained him by physically restraining him, they used unreasonably excessive force." (Compl. ¶ 49.) In California, "[a] peace officer who uses unreasonable or excessive force in . . . det[aining a person] commits a battery upon the person being . . . detained as to such excessive force." Edson v. City of Anaheim, 63

---

[1] The standards for summary judgment are well known and need not be repeated here.

3

1 Cal. App. 4th 1269, 1273 (1998).  It is obvious that Plaintiff's
2 excessive force claims are subsumed in his assault and battery claims.
3          Since the Ninth Circuit held the force used was neither
4 unreasonable nor excessive, summary judgment is granted in favor of
5 the City Defendants on Plaintiff's assault and battery and excessive
6 force claims.
7          B. IIED/NIED/Invasion of Privacy
8          City Defendants also seek summary judgment on Plaintiff's
9 intentional infliction of emotional distress ("IIED"), negligent
10 infliction of emotional distress ("NIED"), and invasion of privacy
11 claims arguing that Plaintiff cannot satisfy the elements of these
12 claims, they were privileged to enter Plaintiff's home under the
13 authority of an arrest warrant for Marty, and they were engaged in
14 privileged conduct when they secured Plaintiff so they could search
15 for Marty.  (City Defs.' Mot. at 25, 26, 28.)  Plaintiff counters that
16 disputed factual issues exist as to whether the City Defendants
17 committed these torts and whether the referenced privileges apply.
18 (Pl.'s Opp'n at 23, 25-26.)
19          The same factual disputes existing on Plaintiff's knock-
20 notice claims exist on Plaintiff's IIED, NIED, and invasion of privacy
21 claims.  Therefore, the City Defendants' motion for summary judgment
22 on these claims is denied.
23 /
24 /
25 /
26 /
27 /
28

C. False Arrest and Illegal Imprisonment[2]

City Defendants seek summary judgment on Plaintiff's false imprisonment claims arguing Plaintiff's detention was lawful and the result of privileged conduct. (City Defs.' Mot. at 27.) Plaintiff rejoins that the Defendants violated his constitutional rights and therefore, their conduct was not lawful or privileged. (Pl.'s Opp'n at 22-23).

It was objectively reasonable for the officers "to detain [Plaintiff] for his own safety," since the officers anticipated a potential armed conflict with Marty and "so that the police [could] sweep the area for [Marty], unencumbered." Mejia, 2006 WL 1050115, at *2. Since Defendants acted reasonably when detaining Plaintiff, summary judgment is entered in favor of the City Defendants on Plaintiff's false imprisonment claims.

D. Vicarious Liability

The City Defendants assert that as supervisory employees they are immune from Plaintiff's vicarious liability claims under California Government Code Section 820.8 ("section 820.8"). (City Defs.' Mot. at 28.) Plaintiff does not allege in his Complaint that any supervisory employees are vicariously liable; rather, Plaintiff alleges the City of Sacramento is vicariously liable for the actions of its police officers. (Compl. ¶¶ 31, 35, 39, 43, 47, 51, 58.)

Since Plaintiff is not alleging a supervisory vicarious liability claim against any police officer, this portion of the motion

---

[2] Plaintiff's Complaint states a cause of action for "False Arrest and Illegal Imprisonment." (Compl. ¶¶ 44-47.) However, the two "are not separate torts. False arrest is but one way of committing a false imprisonment." Asgari v. City of Los Angeles, 15 Cal. 4th 744, 752 (1997).

5

is denied because it does not involve a case or controversy.  Further the City of Sacramento's motion is denied because it has not shown its entitlement to immunity under section 820.8.

## II.  County Defendants' Motion for Summary Judgment

### A.  Statutory Immunity

Defendants County of Sacramento, Sacramento County Probation Department, Vern Speirs, Stephen DeRoss, Sue Florence, Patti McGowan, and Edward Horning ("County Defendants") seek summary judgment on Plaintiff's state law claims arguing they are entitled to statutory immunity under California Government Code § 820.2 ("section 820.2"). (County Defs.' Mot. at 21.)  Plaintiff does not respond to this argument.

Section 820.2 provides that "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."  Cal. Gov. Code. § 820.2.  But these movants have not shown their acts involved with Plaintiff's knock-notice allegations are discretionary acts under section 820.2.  Ne Casek v. City of Los Angeles, 233 Cal. App. 2d 131, 134 (1965) (stating that notwithstanding section 820.2 a police officer can be liable for the manner in which an arrest is executed).  Therefore, the County Defendants' motion for summary judgment under section 820.2 is denied.

## III.  Sua Sponte

Because of summary judgment rulings made above, the Court sua sponte enters summary judgment for the County Defendants on Plaintiff's claims of assault and battery, excessive force, and false imprisonment.  The Court is authorized to grant summary judgment to a

1  party sua sponte when "the party against whom judgment [is] entered
2  had a full and fair opportunity to develop and present facts and legal
3  arguments in support of its position."  Portsmouth Square Inc. v.
4  S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
5  Plaintiff had an opportunity to develop the facts and legal arguments
6  on these claims in his response to the City Defendants' motion for
7  summary judgment.

CONCLUSION

9       For the stated reasons summary judgment is granted in favor
10 of Defendants on Plaintiff's assault and battery, excessive force, and
11 false imprisonment claims.  The City Defendants' motion for summary
12 judgment on Plaintiff's IIED, NIED, invasion of privacy, and vicarious
13 liability claims is denied.  Lastly, the County Defendants' motion for
14 summary judgment based on statutory immunity under section 820.2 is
15 denied.

16      IT IS SO ORDERED.

17 Dated:  March 22, 2007

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge