IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICK J. MEJIA,  )
                ) 2:02-cv-1174-GEB-EFB
         Plaintiff, )
                )
    v.          ) ORDER
                )
CITY OF SACRAMENTO, et al., )
                )
         Defendants. )
                )

   Defendants County of Sacramento, Sacramento County Probation Department, Sue Florence, Patti McGowan, and Edward Horning ("County Defendants") filed a request on May 25, 2007, for a status conference and leave to file a supplemental motion for summary judgment. (Defs.' Req. at 1.)

   County Defendants state that a status conference is necessary because "[d]ue to the lack of clarity from the Ninth Circuit opinion [in this case] it is unclear to counsel on behalf of the County [D]efendants precisely which defendants remain." (Id. at 2:25-28.) The Ninth Circuit issued its opinion in this case on August 28, 2006. (J. 9th Cir. at 1.) County Defendants fail to explain why they have waited over nine months before filing this request, and why this

1

1  matter cannot be handled through the meet and confer process with
2  opposing counsel in which parties are expected to engage before the
3  parties file a joint pretrial statement ("JPS"), or in the JPS if
4  Plaintiff is unwilling to agree to a dismissal of claims against
5  County Defendants.[1]  In addition, County Defendants have not shown why
6  it is appropriate to schedule a status conference for the purpose of
7  having the assigned district judge explain the Ninth Circuit's opinion
8  to counsel.  Therefore, County Defendants' request for a status
9  conference is denied.
10         County Defendants also request leave to file a supplemental
11 motion for summary judgment asserting they are entitled to qualified
12 immunity under Ramirez v. Butte-Silver Bow County, 298 F.3d 1022 (9th
13 Cir. 2002) ("Ramirez"), aff'd, Groh v. Ramirez, 540 U.S. 551 (2004).
14 County Defendants argue that "they would be entitled to qualified
15 immunity for their entry into [Plaintiff's] home based on their belief
16 that the entry executed by Sacramento [City] Police Officer[] Hinz was
17 appropriate."  (Defs.' Mot. at 3:18-20.)  County Defendants admit
18 Ramirez, a 2002 case, was "not discussed or briefed" in the summary
19 judgment motion they filed on December 11, 2003, but do not explain
20 this failure.  (Id. at 3:5-6.)  Further, County Defendants do not
21 explain why they waited until two months before the final pretrial
22 conference ("FPC") to make this request.  Even though the County
23 Defendants "did *not* specifically request that the court modify its
24 scheduling order" because they simply request leave to file a motion
25 after the law and motion deadline, the leave they seek is "treated as

---

[1]  The parties are required to specify in the JPS the claim against each Defendant, and any affirmative defense to a claim. Further, it is expected that such a claim or defense will be dismissed if no factual and legal basis exist to support it.

2

a *de facto* motion to amend the scheduling order." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608-09 (9th Cir. 1992). Since the law and motion completion date set in the Scheduling Order has passed, (Order, Sept. 16, 2002), County Defendants have the burden of showing that "good cause" justifies amending that portion of the Scheduling Order. Fed. R. Civ. P. 16(b). In addition, since the FPC is set for July 2, 2007, granting County Defendants the forty-five days they request to prepare and file a supplemental summary judgment motion would require moving the FPC as well. (Order, Oct. 4, 2006, at 1.) County Defendants' failure to explain why they did not raise the principle in <u>Ramirez</u> on which they now seek to rely when they filed their summary judgment motion in 2003, is not "compatible" with a finding of good cause "and offers no reason for a grant of relief."[2] <u>Id.</u> at 609. Since good cause has not been shown, County Defendants' request to file a supplemental summary judgment motion is denied.

IT IS SO ORDERED.

Dated:  June 5, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[2] Since the Ninth Circuit had already explained this principle in 2002, and County Defendants have not shown that anything in the Supreme Court ruling in 2004 affirming the Ninth Circuit decision in <u>Ramirez</u> provided County Defendants with a reason to have omitted this principle from their motion filed in 2003, it is unclear why this principle was not raised earlier.

3