```
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| RICK J. MEJIA, | 2:02-cv-1174-GEB-EFB |
| Plaintiff, | |
| v. | ORDER RE: SETTLEMENT AND DISPOSITION |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

On September 6, 2007, Plaintiff filed a Notice of Global Settlement in which he states "this action has settled in its entirety as to all parties."  Plaintiff further states: "[u]pon the final execution of the settlement documents and the successful funding of the settlement amounts, the parties shall file a stipulation of dismissal. . . .  Accordingly, the parties will not be filing the various documents or performing the other tasks set forth in the court's June 28, 2007 final pretrial order."

In light of the Notice of Global Settlement, a dispositional document shall be filed no later than September 26, 2007.  Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a

1

dismissal order could be filed.  See L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the October 10, 2007 trial commencement date shall remain on calendar.[1]  If a dispositional document is not filed on or before September 26, 2007, the parties shall have until October 3, 2007, to file the various documents and/or perform the other tasks set forth in the final pretrial order.

IT IS SO ORDERED.

Dated:   September 10, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The trial commencement date will remain on calendar because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).